UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
WESTERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**FRIENDSHIP DINER, LLC**, an Indiana limited liability company, and **BARDHYL SHABANI**, an individual,<br><br>Defendants. | Civil Action No.: 1:24-cv-369 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), Plaintiff, **Julie A. Su**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the Defendants Friendship Diner, LLC ("Friendship Diner") and Bardhyl Shabani (collectively, "Defendants") from violating Sections 203(m)(2)(B), 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from February 22, 2021 through February 19, 2023 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

Throughout the Investigation Period, Defendants repeatedly and willfully violated Sections 203(m)(2)(B), 206, 207, and 211 of the FLSA by improperly including a manager in the servers' mandatory tip pool; improperly using servers' tips from the mandatory tip pool to pay bussers' untipped hourly wages; failing to pay employees for all hours worked; failing to pay employees at least one and one-half times their regular rates of pay for all hours worked over 40 in a workweek; and failing to make and maintain accurate records required under the FLSA and its corresponding regulations. Therefore, Defendants are liable for tips and wages owed to these employees, plus an equal amount in liquidated damages.

Following the Investigation Period, Defendants threatened, intimidated, and coerced employees to sign statements averring that Defendants' tip pool is voluntary and, therefore, compliant with the FLSA. The Acting Secretary therefore seeks an order enjoining Defendants and those acting on their behalf from violating the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), through any further intimidation, threats, termination, or other adverse action against employees as a result of their protected activity. The Acting Secretary also seeks: (1) back pay for any employees who suffered a retaliatory discharge; and (2) punitive damages for Defendants' egregious and repeated retaliation against their employees.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Friendship Diner is a limited liability company within this Court's jurisdiction with an office at 834 Tutor Ln, Evansville, Indiana 47715 where it conducts business.

4. Friendship Diner operates a full-service restaurant and employs employees who work as servers, bussers, cooks, and dishwashers.

5. Friendship Diner has set its employees' method of compensation, set policies regarding compensation, and maintained certain records of employment.

6. Friendship Diner has set the hours worked by its employees, supervised employes work, and hired and fired employes.

7. Defendant Bardhyl Shabani ("Shabani") transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this court, and is a 50% owner of Friendship Diner.

8. Shabani has actively managed and supervised Friendship Diner's operations and its employees during the Investigation Period. Among other things, Shabani has hired and fired employees, set their work schedules, set their pay rates, and collected pooled tips from servers as part of a mandatory tip pooling arrangement.

9. Shabani has acted directly or indirectly in Friendship Diner's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

10. During the Investigation Period, Defendants engaged in business within Vanderburgh County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

11. Friendship Diner is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

12. Friendship Diner is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an

annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

### Tip Pool Violations

13. Defendants willfully and repeatedly violated Section 203(m)(2)(B) of the FLSA when they unlawfully kept employees' tips as part of an invalid tip pool.

14. Defendants paid servers a cash wage of $2.35 per hour and took a tip credit of $4.90 per hour. The rest of the servers' compensation was garnered from customers' tips.

15. Defendants required servers to participate in a mandatory tip pooling arrangement at Defendants' restaurants. The only employees who were required to contribute to the mandatory tip pooling arrangement were servers.

16. Defendants required servers to give Shabani $10 per weekday shift and $15 per weekend shift as their required contribution to the mandatory tip pooling arrangement.

17. Shabani either kept the servers' tips or used the money to pay bussers' hourly untipped wages.

18. Defendants paid bussers a wage of $12 to 13 per hour and did not take the tip credit for the wages paid to them because bussers did not receive tips and did not participate in the tip pool.

19. Shabani admitted during the Wage and Hour Division's investigation that he either kept the tips Defendants required servers give to management, or he used them to pay bussers' hourly untipped wages.

20. Defendants improperly kept tips because Shabani participated in the tip pool by keeping some of the tips.

21. Defendants also improperly kept tips because Shabani used servers' tips to pay bussers their hourly untipped wages.

22. Defendants unlawfully kept tips from 28 employees during the Investigation Period.

23. These 28 employees are entitled to receive their unlawfully kept tips. 29 U.S.C. § 203(m)(2)(B).

**Minimum Wage Violations**

24. Defendants willfully and repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour.

25. Based on the tips that servers received from the tip pool, Defendants took a tip credit toward their FLSA minimum wage obligations to front-of-the-house employees and paid less than the federal minimum wage rate of $7.25 per hour.

26. Because Defendants improperly kept tips as set forth in Paragraphs 13 to 23 above, the tip pool at Friendship Diner violated the FLSA.

27. Because Defendants operated an invalid tip pool, they were not entitled to claim the tip credit and pay their employees the tip credit rate.

28. Defendants failed to properly compensate 28 employees at the applicable federal minimum wage.

29. These 28 employees are entitled to back wages for the improperly taken tip credit. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

**Overtime Violations**

30. Defendants willfully and repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees 1.5 times their regular rates for hours worked in excess of 40 in a workweek.

31. Defendants paid their kitchen staff—cooks and dishwashers—through payroll for hours worked up to 40 in a workweek.

32. Defendants paid their kitchen staff in cash for hours worked over 40 in a workweek.

33. Defendants' kitchen staff did not receive the half-time premium for hours worked over 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

34. Additionally, certain servers were paid their regular hourly rates for all hours worked and did not receive any half-time premium for any hours worked over 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

35. Finally, servers who were paid for their overtime were paid at 1.5 times their cash wage ($3.53 per overtime hour) instead of the required 1.5 times the minimum wage less the tip credit claimed ($5.98 per overtime hour). 29 U.S.C. §§ 207(a)(1), 215(a)(2).

36. Because Defendants improperly claimed the tip credit, all servers who worked overtime should have been paid at a rate 1.5 times the federal minimum wage of $7.25.

37. Defendants failed to properly compensate 21 employes for all overtime hours worked.

38. These 21 employes are entitled to back wages for all overtime hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

**Recordkeeping Violations**

39. Defendants willfully and repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

40. Defendants failed to display the required poster explaining the FLSA.

41. Defendants did not make and keep any time records.

42. Defendants did not make and keep complete records of cash payments to back-of-the-house workers.

### Retaliation Violations

43. Section 215(a)(3) of the Act prohibits retaliation against employees and former employees when they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

44. Throughout the Investigation Period, Defendants violated Section 215(a)(3) by threatening to fire employees who engaged in the protected activity of refusing to participate in the unlawful tip pooling scheme described herein.

45. During the Investigation Period, Defendants also violated Section 215(a)(3) by intimidating and coercing employees to participate in the unlawful tip pooling scheme described herein. Defendants would accuse employees of misconduct and follow employees around the restaurant berating them if they attempted engage in the protected activity of refusing to participate in the unlawful tip pool.

46. Since at least January 2024, Defendants have violated and continue to violate Section 215(a)(3) by retaliating against and intimidating employees from engaging in the protected activity of refusing to sign statements that Defendants' tip pooling scheme is voluntary.

47. On or about January 19, 2024, Shabani gathered all of Defendants' servers and told them that their attorney would be visiting Friendship Diner the following week. Shabani instructed employees to tell Defendants' attorney that the tip pool at Friendship Diner was voluntary and that he never threatened to take days away from anyone if they refused to tip out the bussers.

48. Defendants intimidated and coerced some employees by offering financial incentives if they signed statements averring that Defendants' tip pool was voluntary.

49. Defendants continue to intimidate and coerce employees who have engaged in a protected activity by refusing to sign statements regarding the tip pool by following servers around the restaurant during their shifts and calling them at home asking them to sign statements that the tip pool is voluntary.

50. On February 9, 2024, the Acting Secretary issued correspondence to Defendants advising them of the anti-retaliation provisions of Section 215(a)(3) of the FLSA, as well as notices to all servers listed in Exhibit A advising them of their rights under Section 215(a)(3).

51. Since receiving the Acting Secretary's correspondence, Shabani has threatened to take shifts away from servers who would not sign statements regarding the tip pool.

52. Shabani has also started seating customers, often seating fewer customers in the sections of servers who refused to sign statements regarding the tip pool, resulting in servers making less in tips.

53. Shabani also told servers that the Department called his attorney and said that he had threatened to reduce servers' schedules to four days per week if they did not sign statements on his behalf.

54. Shabani told both servers and back-of-the-house workers that if they receive any money as a result of WHD's investigation, it is Shabani's money, and they have to give it back to him.

55. Severs report that it has been very hostile at work since Shabani received the Acting Secretary's February 9 correspondence, and those who refused to sign statements on behalf of Shabani are afraid they will be fired.

**Defendants' Violations Were Willful**

56. Moreover, Defendants repeatedly and willfully violated Sections 203(m)(2)(B), 206, 207, and 211 of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

57. Specifically, Defendants acted willfully because they had notice about the FLSA's requirements by virtue of a prior Wage and Hour Division investigation in 2013 into the River Falls Family Restaurant ("River Falls"), a Wisconsin restaurant Shabani previously owned.

58. The River Falls investigation disclosed that Shabani did not keep records of tips or hours worked, did not meet the disclosure requirements for taking a tip credit, did not ensure tipped employees received sufficient tips to cover the tip credit, and did not pay overtime for hours worked over 40 in a workweek.

59. During the River Falls investigation, Shabani stated he had no intention of complying with the FLSAs' requirements because he was "giving people a chance to work and the rest is up to them as far as making money on tips. They ought to be thanking me . . . ." He refused to provide records or allow access to all employees for interviews.

60. The Wage and Hour Division issued a subpoena for the required records, but when investigators attempted to serve the subpoena, River Falls had been sold.

61. The Wage and Hour Division mailed a letter containing its findings to Shabani.

**Remedies Sought**

62. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit B back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

63. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

64. Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

**Prayer for Relief**

As a result of Defendants' repeated and willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 203(m)(2)(B), 206, 207, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unlawfully kept tips, unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Awarding punitive damages for Defendants' retaliation against employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

E. Providing such other relief as may be necessary and appropriate.

F. Awarding costs and granting such other and further relief as may be necessary and appropriate.

Date: February 28, 2024　　　　　　　　　Respectfully Submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Haley R. Jenkins*
**HALEY R. JENKINS**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312.353.1218
jenkins.haley.r@dol.gov
IL Bar No. 6324112

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, Plaintiff*

Exhibit A

1. Adcock, B.
2. Attebury, A.
3. Kushtrim, B.
4. Biggs, P.
5. Boyd, Jr., J.
6. Braun, K.
7. Castillo Ortez, J.
8. Collazo Carreon, E.
9. Cruz Morales, R.
10. Dominguez, O.
11. Embry, J.
12. Freihaut, J.
13. Freihaut, S.
14. Garvin, K.
15. Heck, E.
16. Henderson, C.
17. Henderson, F.
18. Hodges, C.
19. Hutchinson, T.
20. Jeffries, R.
21. Kimpling, J.
22. Kissinger, M.
23. Kissinger, S.
24. Kissinger, L.
25. Kolle, B.
26. Logsdon, T.
27. Lopez, M.
28. Lowder, J.
29. Mendez, W.
30. Maurer, L.
31. Mejia Lopez, E.
32. Meredith, J.
33. Oliver, M.
34. Ortega-Ortes, B.
35. Ortega Ortez, M.
36. Pennell, P.
37. Porter, K.
38. Prifogel, K.
39. Salmon, T.
40. Todd, P.
41. Velazquez, E.
42. Waller, A.
43. Wright, A.
44. Wright-Underhill, R.