UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FRIENDSHIP DINER, LLC, and BARDHYL SHABANI,<br><br>Defendants. | Case No. 3:24-cv-00049-RLY-CSW |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Friendship Diner, LLC, and Bardhyl Shabani, individually, (collectively "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment and Order ("Consent Judgment") resolving all claims in the Complaint.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to Section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1.  Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

    a.  For purposes of Paragraph 1, prohibited actions include, without limitation: (1) requiring servers to participate in a mandatory tip pooling arrangement where Defendants use money from the tip pool to pay wages of employees who do not customarily and regularly receive more than $30 a month in tips; (2) taking a tip credit against Defendants' minimum wage obligations based on an invalid tip pool; and (3) failing to pay employees at least $7.25 per hour as a result of an invalid tip pool.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Friendship Diner, LLC, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless said employees receive compensation for their employment in excess of 40 hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

    a. For purposes of Paragraph 2, prohibited actions include, without limitation: (1) failing to pay kitchen staff – cooks and dishwashers – the half-time premium for hours worked over 40 in a workweek; (2) failing to pay servers the half-time premium for hours worked over 40 in a workweek; and (3) calculating servers' overtime rates based on their cash wage instead of based on the minimum wage less the tip credit claimed.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Friendship Diner, LLC, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R.

Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4.      Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

   a.   Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

   b.   Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

   c.   Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5.      Defendants shall inform employees of their right to anonymously complain about violations of the FLSA without reprisal.

6.      Defendants shall provide all employees with a copy of the U.S. Department of Labor, Wage and Hour Division's Handy Reference Guide to the Fair

Labor Standards Act (available at https://www.dol.gov/agencies/whd/compliance-assistance/handy-reference-guide-flsa) and the Wage and Hour Division's *Employee Rights Under the Fair Labor Standards Act*, *Fact Sheet #2: Restaurants* and *Fact Sheet #77A: Prohibiting Retaliation Under the Fair Labor Standards Act* (available at https://www.dol.gov/agencies/whd/fact-sheets), in English and Spanish. Defendants shall provide these materials to new employees within 30 days of employment for a period of two years or, for current employees, within 30 days of entry of the Consent Judgment.

7. This Consent Judgment shall be posted at all of Defendants' establishments, at a location where employee notices are customarily posted, and shall remain posted for a period of not less than 90 days.

8. Defendants shall display at a location where employee notices are customarily posted for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" issued by the U.S. Department of Labor in both English and Spanish.

9. Defendants shall display at a location where employee notices are customarily posted for their employees' viewing the contact information of the local Wage and Hour Division.

10. Within six months of the date of the Consent Judgment, Defendants shall attend an outreach event by the Wage and Hour Division on compliance with the FLSA.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $400,000, as set forth in Exhibit A.

11.  The Acting Secretary shall recover from Defendants the sum of $195,000 for minimum wage and overtime compensation calculated by the Wage and Hour Division as being owed covering the period from February 22, 2021, to February 19, 2023, for Defendants' current and former employees whose names are listed in the attached Exhibit A, the additional sum of $195,000 in liquidated damages, and $10,000 in civil money penalties assessed by the Wage and Hour Division. This amount shall be paid by Defendants in resolution of all claims in the Complaint, inclusive of any assessment or claim for civil money penalties and interest relating to the claims in the Complaint.

    a.  Within three calendar days of Defendants' execution of this Consent Judgment, Defendants shall deliver a preliminary payment in the amount of $250,000 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

    b.  Within 60 calendar days of the entry of this Consent Judgment, Defendants shall deliver the first of five consecutive monthly payments, each in the amount of $30,000, by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region". These

payments shall continue on the first day of every month, through January 1, 2025. A seven calendar-day grace period shall be allowed for receipt of each payment that is required by this paragraph. If Defendants fail to make any payment within that seven calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which Defendants hereby expressly waive. Defendants may deliver the total sum stated in paragraph 11 at any time prior to January 1, 2025 without penalty.

      c.      Defendants shall also furnish to the Acting Secretary the social security number and last known address for each employee named in Exhibit A.

      d.      Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary. The Acting Secretary reserves the right to distribute payments to the employees listed in Exhibit A even if Defendants fail to make all payments required under this agreement.

  e. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Judgment.

  f. If an individual named on Exhibit A refuses any sums paid under this Consent Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them. Any such amount delivered to Defendants shall be immediately paid to the Acting Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

  g. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

  h. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the period covered by the Complaint.

  i. Should Defendants fail to pay any of the installment payments on or before the date set forth above, the entire amount of the balance of unpaid compensation remaining shall become due without further notice by

the Acting Secretary to Defendants. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (P.L. 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Acting Secretary may pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

      j.    In the event Defendants fail to make any payment within seven calendar days of any due date set forth on the payment plan in Paragraph 11.a and b., and are not otherwise up-to-date on the total owed under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Acting Secretary may engage in discovery in aid of execution as permitted by the Federal

Rules of Civil Procedure. However, the Acting Secretary may not take any steps to enforce this Consent Judgment absent a default by Defendants under the terms of this Consent Judgment.

12. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended. The Court shall retain jurisdiction over this matter only for the purposes of enforcing this Consent Order and Judgment.

**SO ORDERED** this 20th day of August 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _Dina M. Doyle_____
Deputy Clerk, U.S. District Court

Entry of this judgment
is hereby consented to:


APPROVED:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

HALEY JENKINS   Digitally signed by HALEY JENKINS
Date: 2024.08.13 15:33:25 -05'00'
_____
**HALEY R. JENKINS**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312.353.1218
jenkins.haley.r@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor, United States*
*Department of Labor*

**For Defendants:**

Date  8-13-2024

Friendship Diner, LLC

_____
Its President/Owner

_____
Bardhyl Shabani, Individually

_____
Joshua B. Gessling, #28578-82
KAHN, DEES, DONOVAN & KAHN, LLP
501 Main Street, Suite 305
Post Office Box 646
Evansville, Indiana 47735-3646
Phone: (812) 423-3183
Facsimile: (812) 423-3841
Email: jgessling@kddk.com

*As Counsel for Defendants*

## EXHIBIT A[1]

1. Adcock, B.
2. Attebury, A.
3. Kushtrim, B.
4. Biggs, P.
5. Boyd, Jr., J.
6. Braun, K.
7. Castillo Ortez, J.
8. Collazo Carreon, E.
9. Cruz Morales, R.
10. Dominguez, O.
11. Embry, J.
12. Freihaut, J.
13. Freihaut, S.
14. Garvin, K.
15. Heck, E.
16. Henderson, C.
17. Henderson, F.
18. Hodges, C.
19. Hutchinson, T.
20. Jeffries, R.
21. Kimpling, J.
22. Kissinger, M.
23. Kissinger, S.
24. Kissinger, L.
25. Kolle, B.
26. Logsdon, T.
27. Lopez, M.
28. Lowder, J.
29. Mendez, W.
30. Maurer, L.
31. Mejia Lopez, E.
32. Meredith, J.
33. Oliver, M.
34. Ortega-Ortes, B.
35. Ortega Ortez, M.
36. Pennell, P.
37. Porter, K.
38. Prifogel, K.

---

[1] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full names.

39. Salmon, T.
40. Todd, P.
41. Velazquez, E.
42. Waller, A.
43. Wright, A.
44. Wright-Underhill, R.